■ ORLANDO VASQUEZ et al., Respondents, v CHASE MANHATTAN BANK, N. A., et al., Appellants. [697 NYS2d 611] —Judgment, Supreme Court, New York County (Louis York, J.), entered May 20, 1998, insofar as appealed from, awarding plaintiff Orlando Vasquez $1,550,000 for future pain and suffering, upon his stipulation, in lieu of a new trial on damages, to reduce the jury award for such damages from $1,750,000, and bringing up for review a prior order directing a verdict in favor of plaintiffs

and against defendants on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

In this action an air conditioning duct fell on the scaffold on which plaintiffs, asbestos removers, were working. The scaffold lacked a guardrail and its wheels were not locked, which resulted in the scaffold moving when the duct hit it. When the scaffold moved, plaintiffs fell from it onto a cement floor. On this record, they were properly granted a directed verdict. Given the nature of the work, an object falling from the ceiling cannot possibly be viewed as an extraordinary event, and, accordingly, it does not avail defendants to argue that plaintiffs' negligence was the sole cause of the duct becoming dislodged (see, Dasilva v A.J. Contr. Co., 262 AD2d 214; LaFleur v Consolidated Edison Co., 221 AD2d 250). The award for lifetime pain and suffering, stemming from a twice operated upon fractured left heel and ruptured disc, does not deviate materially from what is reasonable compensation for such injury. Concur—Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.