[737 NYS2d 465]

MICHAEL MURACH, Respondent-Appellant, v ISLAND OF BOB-LO COMPANY, INC., Doing Business as FANTASY ISLAND, et al., Appellants-Respondents and Third-Party Plaintiffs. MAXWELL ASSOCIATES, INC., Third-Party Defendant-Appellant.

Fourth Department, February 1, 2002

---

### APPEARANCES OF COUNSEL

*Goldberg Segalla, LLP,* Buffalo (*Richard T. Saraf* of counsel), for Appellants-Respondents.

*Colucci & Gallaher, P.C.,* Buffalo (*Anthony J. Colucci, III,* of counsel), for Third-Party Defendant-Appellant.

*Hartman & Ridall, P.C.,* Buffalo (*Daniel J. Hartman* of counsel), for Respondent-Appellant.

### OPINION OF THE COURT

Scudder, J.

Plaintiff was employed as a stunt diver by third-party defendant, Maxwell Associates, Inc. (Maxwell), during his summer vacation from college. Maxwell contracted with defendant Island of Bob-Lo Company, Inc., doing business as Fantasy Island (Fantasy Island), to provide a comedy-diving team, and plaintiff worked as part of that team with four others. On June 23, 1990, plaintiff and a co-worker were performing an act during which the co-worker "pushed" plaintiff off the 10-foot-high diving board. Plaintiff was to grab the diving board, hang suspended by his arm and then climb back onto the board before concluding the act with a dive. However, plaintiff lost his grip on the diving board and fell head first, striking the edge of the pool and falling into the water. Plaintiff broke his neck and was rendered a quadriplegic.

We conclude that Supreme Court properly denied the motion of Fantasy Island and the cross motion of Maxwell seeking summary judgment dismissing the second amended complaint and properly denied those parts of plaintiff's cross motion seeking to dismiss the affirmative defenses asserted by Fantasy Island and seeking partial summary judgment on liability. We further conclude that the court properly determined that Arts and Cultural Affairs Law § 37.09 (1) applies to the action and that plaintiff has stated a cause of action under that statute.

The applicability of Arts and Cultural Affairs Law § 37.09, formerly Labor Law § 202-a, appears to be a matter of first

impression at the appellate level. The statute provides in relevant part that

> "[n]o person shall participate in any public performance or exhibition on * * * aerial apparatus which requires skill, timing or balance and which creates a substantial risk to himself or others of serious injury from falling, unless there shall be provided for such performance a * * * safety device * * * suitably constructed and placed to arrest or cushion his fall and minimize the risk of such injury. No owner, agent, lessee, manager or other person in charge of a * * * public place of assembly, resort or amusement, shall permit any person to take part in a performance specified herein without providing such safety device" (Arts and Cultural Affairs Law § 37.09 [1]).

We conclude on these facts that plaintiff was injured during an aerial performance and not, as Fanstasy Island and Maxwell contend, as the result of a dive. Because plaintiff was not injured during the diving portion of his performance, we reject the contention of Fantasy Island and Maxwell that plaintiff assumed the risk of his activities and that his action is barred on that ground (*see generally*, *Turcotte v Fell*, 68 NY2d 432, 437).

Contrary to plaintiff's contention, however, we further conclude that the statute is not analogous to Labor Law § 240 (1), and thus Fantasy Island cannot be held strictly liable for plaintiff's injuries. Unlike Labor Law § 240 (1), Arts and Cultural Affairs Law § 37.09 (1) imposes a duty both on the owner to provide safety equipment and on the employee not to participate in a performance or exhibition on aerial apparatus unless safety equipment is provided (*see,* Arts and Cultural Affairs Law § 37.09 [1]).

█ Maxwell's contention that Arts and Cultural Affairs Law § 37.09 (1) is void for vagueness in violation of the Due Process Clauses of the US and NY Constitutions is raised for the first time on appeal and thus is not "appropriate for appellate review" (*Matter of Schulz v State of New York*, 241 AD2d 806, 808, *appeal dismissed* 90 NY2d 1007).

We have considered the remaining contentions of the parties and conclude that they are without merit. Accordingly, we conclude that the order should be affirmed.

PINE, J. P., WISNER, KEHOE and GORSKI, JJ., concur.

Ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.