[980 NE2d 933, 957 NYS2d 268]

ROBIN CUSTODI et al., Respondents, v TOWN OF AMHERST et al., Defendants, and PETER MUFFOLETTO et al., Appellants.

Argued September 6, 2012; decided October 30, 2012

## POINTS OF COUNSEL

*Watson Bennett Colligan & Schechter, LLP*, Buffalo (*Joel B. Schechter* of counsel), for appellants. I. Because Robin Custodi chose to rollerblade on Peter and Susan Muffoletto's driveway with an awareness that falling as a result of encountering a height differential was a risk of the activity, the majority's decision must be reversed. (*Turcotte v Fell*, 68 NY2d 432; *Morgan v State of New York*, 90 NY2d 471; *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392; *Morlock v Town of N. Hempstead*, 12 AD3d 652; *Maddox v City of New York*, 66 NY2d 270; *Peters v City of New York*, 269 AD2d 581; *Sykes v County of Erie*, 94 NY2d 912; *Retian v City of New York*, 259 AD2d 684, 93 NY2d 811; *Surace v Lostrappo*, 176 Misc 2d 408; *Sorice v Captree Homes*, 250 AD2d 755.) II. The majority's conclusion that there is an issue of fact about whether the conditions on Peter and Susan Muffoletto's driveway were open and obvious has no

support in the record and, as a result, the majority cannot and does not cite to any such evidence in the record. (*Electrolux Corp. v Val-Worth, Inc.*, 6 NY2d 556; *Loughry v Lincoln First Bank*, 67 NY2d 369; *Suria v Shiffman*, 67 NY2d 87; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69; *Tagle v Jakob*, 97 NY2d 165; *Trevett v City of Little Falls*, 24 AD3d 1197; *Lamey v Foley*, 188 AD2d 157.) III. The policy considerations articulated in *Trupia v Lake George Cent. School Dist.* (14 NY3d 392 [2010]), "facilitating free and vigorous participation in athletic activities," mandate finding that the complaint must be dismissed "to preserve these beneficial pursuits as against the prohibitive liability." (*Anand v Kapoor*, 15 NY3d 946; *Morgan v State of New York*, 90 NY2d 471.) IV. Not only is there no evidence that the change in elevation was the proximate cause of Robin Custodi's alleged injuries, it was her own failures that caused the incident. (*Blake v Gardino*, 35 AD2d 1022, 29 NY2d 876; *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276; *Ginther v Ginther*, 30 AD3d 1031; *Smith Bros. Constr. Co. v New York Sur. Co.*, 236 AD2d 799; *Mochen v State of New York*, 57 AD2d 719.)

*Andrews Bernstein & Maranto, LLP*, Buffalo (*Robert J. Maranto, Jr.*, of counsel), for respondents. I. The doctrine of primary assumption of risk is not applicable in this case. (*Griffin v Lardo*, 247 AD2d 825; *Sutfin v Scheuer*, 145 AD2d 946; *Cotty v Town of Southampton*, 64 AD3d 251; *Ashbourne v City of New York*, 82 AD3d 461; *Anand v Kapoor*, 15 NY3d 946.) II. Even if primary assumption of risk applied in this case, the risk was not known, apparent, or reasonably foreseeable. (*Lamey v Foley*, 188 AD2d 157; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200.) III. Whether the defect was open and obvious is a question of fact for the jury, and does not absolve appellants of their duty. (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69; *Tagle v Jakob*, 97 NY2d 165; *Holl v Holl*, 270 AD2d 864; *MacDonald v City of Schenectady*, 308 AD2d 125; *Cupo v Karfunkel*, 1 AD3d 48; *Lamey v Foley*, 188 AD2d 157; *Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313.) IV. There is evidence that the change in elevation was the proximate cause of Robin Custodi's injuries. (*Bulman v P & R Enter.*, 17 AD3d 1139; *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1.)

## OPINION OF THE COURT

Graffeo, J.

In this case involving a plaintiff who fell and sustained injuries while rollerblading, we conclude that the doctrine of

primary assumption of the risk does not preclude her common-law negligence claim against the landowner defendants. We therefore affirm the Appellate Division order reinstating the complaint.

In July 2007, plaintiff Robin Custodi broke her hip when she tripped and fell while rollerblading in her residential neighborhood in the Town of Amherst. Moments before the accident, plaintiff, an experienced rollerblader, noticed a truck blocking her path of travel on the street and navigated around it by skating onto a driveway entrance to reach the sidewalk running parallel to the road. Plaintiff skated by several houses before attempting to reenter the street using a driveway owned by defendants Peter and Susan Muffoletto. As plaintiff neared the end of defendants' driveway, she checked for oncoming traffic but did not stop. Plaintiff fell when one of her skates allegedly struck a two-inch height differential where the edge of defendants' driveway met a drainage culvert that ran the length of the street.

Plaintiff and her husband, suing derivatively, commenced this negligence action against defendants to recover damages for plaintiff's injuries.[1] Following discovery, defendants moved for summary judgment dismissing the complaint on two grounds. Primarily, they asserted that plaintiff assumed the risk of injury by voluntarily engaging in recreational rollerblading, thereby negating their duty of care to her as landowners. Alternatively, defendants contended that there was no triable issue of fact as to whether the height differential was a proximate cause of plaintiff's accident.

Supreme Court granted the motion and dismissed the complaint, agreeing with defendants that plaintiff assumed the risk of her injuries. A divided Appellate Division reversed and reinstated the complaint, concluding that the doctrine of primary assumption of the risk did not apply to plaintiff's activity and that a triable issue of fact existed on the question of proximate cause (81 AD3d 1344 [4th Dept 2011]). The dissent would have affirmed Supreme Court's dismissal of the

---

**1.** Plaintiff also sued the Town of Amherst, the Town of Amherst Highway Department, the County of Erie, the Erie County Highway Department, the Erie County Department of Public Works and the Village of Williamsville. Plaintiff later stipulated to discontinue the action as against the County defendants and the Village. The complaint was eventually dismissed against the Town defendants, so all claims against the municipal defendants have been dismissed.

complaint. The Appellate Division granted defendants leave to appeal on a certified question (2011 NY Slip Op 72435[U] [2011]).

Defendants claim that the Appellate Division erred in declining to apply the doctrine of assumption of the risk to this case. Because plaintiff chose to rollerblade on their property with an awareness that a skater using the neighborhood's residential driveways and sidewalks could encounter bumps or height differentials, defendants contend that plaintiff necessarily assumed the inherent risk of a fall. Plaintiff responds that the Appellate Division correctly held that the assumption of the risk doctrine is not applicable since she was not engaged in a sporting competition or an athletic or recreative activity at a designated venue. In plaintiff's view, this case is governed by ordinary premises liability principles.

Our analysis begins with CPLR 1411, which the Legislature adopted in 1975 to abolish contributory negligence and assumption of the risk as absolute defenses in favor of a comparative fault regime. CPLR 1411 provides:

> "In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages."

Despite the text of this provision, we have held that a limited vestige of the assumption of the risk doctrine—referred to as "primary" assumption of the risk—survived the enactment of CPLR 1411 as a defense to tort recovery in cases involving certain types of athletic or recreational activities (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Rather than operating as a complete defense, the doctrine in the post-CPLR 1411 era has been described in terms of the scope of duty owed to a participant (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]). Under this theory, a plaintiff who freely accepts a known risk "commensurately negates any duty on the part of the defendant to safeguard him or her from the risk" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]).

More particularly, primary assumption of the risk applies when a consenting participant in a qualified activity "is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012] [internal quotation marks and citation omitted]). A person who chooses to engage in such an activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan*, 90 NY2d at 484). As a result, participants may be held to have consented to those injury-prone risks that are "known, apparent or reasonably foreseeable" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989] [internal quotation marks and citation omitted]). The duty owed in these situations is "a duty to exercise care to make the conditions as safe as they appear to be" (*Turcotte*, 68 NY2d at 439). On the other hand, participants are not deemed to have assumed risks resulting from the reckless or intentional conduct of others, or risks that are concealed or unreasonably enhanced (*see Morgan*, 90 NY2d at 485).

Since the adoption of CPLR 1411, we have generally restricted the concept of assumption of the risk to particular athletic and recreative activities in recognition that such pursuits have "enormous social value" even while they may "involve significantly heightened risks" (*Trupia*, 14 NY3d at 395). Hence, the continued application of the doctrine "facilitate[s] free and vigorous participation in athletic activities" (*Benitez*, 73 NY2d at 657), and fosters these socially beneficial activities by shielding coparticipants, activity sponsors or venue owners from "potentially crushing liability" (*Bukowski*, 19 NY3d at 358).

Consistent with this justification, each of our cases applying the doctrine involved a sporting event or recreative activity that was sponsored or otherwise supported by the defendant, or occurred in a designated athletic or recreational venue. In *Morgan*, for example, we dismissed claims by a bobsledder injured on a bobsled course, and by two students who were injured while attending martial arts classes (90 NY2d at 486-488). Similarly, we applied assumption of the risk to bar claims by plaintiffs who suffered injuries while participating in collegiate baseball (*see Bukowski*, 19 NY3d at 358); high school football (*see Benitez*, 73 NY2d at 658-659); recreational basketball on an outdoor court (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]); professional horse racing (*see Turcotte*, 68 NY2d at 437); speedskating on an enclosed ice rink (*see Ziegelmeyer v United States Olympic*

*Comm.*, 7 NY3d 893, 894 [2006]); and a round of golf at a golf course (*see Anand v Kapoor*, 15 NY3d 946, 948 [2010]).

In contrast, in *Trupia* we recently declined to apply the assumption of the risk doctrine to a child who was injured while sliding down a bannister at school. Based on the tension that exists between assumption of the risk and the dictates of CPLR 1411, we clarified that the doctrine "must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation" (*Trupia*, 14 NY3d at 395). We noted that the injury-causing activity at issue in *Trupia*—horseplay—did not render the school worthy of insulation from a breach of duty claim, as it was "not a case in which the defendant solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity has been called to account in damages" (*id.* at 396).

█ Guided by these principles, we conclude that assumption of the risk does not apply to the fact pattern in this appeal, which does not fit comfortably within the parameters of the doctrine. As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues.[2] In this case, plaintiff was not rollerblading at a rink, a skating park, or in a competition; nor did defendants actively sponsor or promote the activity in question.

Moreover, extension of the doctrine to cases involving persons injured while traversing streets and sidewalks would create an unwarranted diminution of the general duty of landowners—both public and private—to maintain their premises in a reasonably safe condition. As we explained in an earlier case, assumption of the risk "does not exculpate a landowner from liability for ordinary negligence in maintaining a premises" (*Sykes*, 94 NY2d at 913). The exception would swallow the general rule of comparative fault if sidewalk defects or dangerous premises conditions were deemed "inherent" risks assumed by non-pedestrians who sustain injuries, whether they be joggers, runners, bicyclists or rollerbladers (*see Ashbourne v City of New York*, 82 AD3d 461, 463 [1st Dept 2011]; *Cotty v Town of*

---

**2.** We do not now consider whether there could be any exceptions to this general principle. Resolution of this appeal requires us only to conclude that no exception is warranted under the facts presented.

*Southampton,* 64 AD3d 251, 257 [2d Dept 2009]). We therefore decline to expand the doctrine to cover the circumstances presented here.

We further agree with the Appellate Division that defendants are not entitled to judgment as a matter of law on the issue of proximate causation. Defendants did not advance the argument in their motion for summary judgment that, assuming ordinary premises liability principles apply rather than assumption of the risk, their duty to make the premises reasonably safe did not include a duty to alter the height differential at the base of their driveway to accommodate rollerbladers. Hence, that common-law negligence issue remains to be litigated.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, etc.