# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**
**CA 14-01388**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

JOHN F. BOUCK, PLAINTIFF-RESPONDENT

V                                    MEMORANDUM AND ORDER

SKANEATELES AERODROME, LLC, DEFENDANT-APPELLANT.

---

WILLIAMS & RUDDEROW, PLLC, SYRACUSE (MICHELLE RUDDEROW OF COUNSEL),
FOR DEFENDANT-APPELLANT.

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered March 11, 2014.  The order denied the motion
of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action to recover damages
for personal injuries and property damage sustained when he was
unsuccessful in his attempt to take off from the grass-surfaced runway
of defendant's airport in his Cessna airplane.  We agree with
defendant that Supreme Court erred in denying its motion seeking
summary judgment dismissing the complaint based on the doctrine of
primary assumption of the risk.

The incident occurred while plaintiff was piloting and attempting
a particular maneuver in the aviation field known as a "soft-field
take off."  Although it had not rained on the day of the incident, it
had rained for several days prior thereto.  Upon reaching a speed of
approximately 50 miles per hour, the landing gear on plaintiff's
airplane encountered a soft and/or wet area on the grass runway, and
the aircraft "dug in" and "tipped over," causing damage to the
airplane and personal injuries to plaintiff.  Prior to the incident in
question, plaintiff, a flight instructor and pilot with over 40 years
of experience, had utilized defendant's grass runway in excess of 100
take offs and/or landings.  Before attempting his take off, plaintiff
inspected the grass runway because of his concern that the grass
surface of it was soft and wet.  Indeed, that is why he chose to
utilize the "soft-field take off" procedure.

We agree with defendant that its airport is a designated venue

for the recreational activity of private aviation and that plaintiff's use thereof was in furtherance of his pursuit of that activity (*see Custodi v Town of Amherst*, 20 NY3d 83, 88-89). We thus conclude, as defendant contends, that plaintiff's recreational use of defendant's airport was a qualifying activity under the doctrine of primary assumption of the risk (*see id*. at 88). Primary assumption of the risk applies when a consenting participant in a qualified activity "is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Bukowski v Clarkson Univ*., 19 NY3d 353, 356 [internal quotation marks omitted]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439). "[A]wareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*Maddox v City of New York*, 66 NY2d 270, 278). The primary assumption of the risk doctrine also encompasses risks involving less than optimal conditions (*see Sykes v County of Erie*, 94 NY2d 912, 913). "It is not necessary to the application of assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox*, 66 NY2d at 278).

Here, the undisputed facts establish that plaintiff, an experienced pilot, was well aware of the risk inherent in taking off from a soft, wet grass runway with the type of landing gear with which his aircraft was equipped. Plaintiff's awareness of the risk was amply established by his admitted preflight concern about the condition of the grass runway, and by his personal inspection thereof generated in part by his encounter with wet and muddy conditions while towing his aircraft to the runway by motor vehicle. Notwithstanding his awareness and concern, plaintiff nonetheless elected to proceed with his attempt to take off from the soft, wet grass runway. We reject plaintiff's effort to distinguish between the soft, wet grass and the mud in which his landing gear wheels became lodged because it is a matter of common experience that soft, wet grass following a period of rain may result in the earth beneath the grass being turned to mud (*see id.*).

In light of our determination, we need not address defendant's remaining contentions.

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court