■ ANDREW N. BALLOW, Respondent, v LINCOLN FINANCIAL CORP. et al., Defendants, and LUCY BALLOW, Appellant. [33 NYS3d 330]—

In an action, inter alia, to recover damages for breach of contract, conversion, and fraud, the defendant Lucy Ballow appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered April 22, 2013, as denied her motion for summary judgment dismissing the amended complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Lucy Ballow (hereinafter the defendant) are estranged spouses. In January 2012, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, conversion, and fraud after the defendant allegedly terminated a joint annuity contract. The plaintiff alleges that the defendant unilaterally exercised the cash value option of the contract, withdrawing all of the funds without his knowledge or consent and leaving him with over $37,000 in tax liabilities.

The defendant moved for summary judgment dismissing the amended complaint insofar as asserted against her. Relying on *Turcotte v Fell* (68 NY2d 432 [1986]), she contended that the plaintiff, by agreeing to enter into the joint annuity contract, necessarily assumed the risk of pecuniary injury. The Supreme Court denied the motion.

The defense of assumption of risk was abolished in 1975 with the adoption of CPLR 1411 (*see Custodi v Town of Amherst*, 20 NY3d 83, 87 [2012]). Nevertheless, the Court of Appeals has explained "that a limited vestige of the assumption of the risk doctrine—referred to as 'primary' assumption of the risk—survived the enactment of CPLR 1411 as a defense to tort recovery in cases involving certain types of athletic or recreational activities" (*id.* at 87, quoting *Turcotte v Fell*, 68 NY2d at 438).

Here, as the allegations in the amended complaint have nothing to do with athletic or recreational activities contemplated by the primary assumption of risk doctrine (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]), it follows that the defendant's reliance on *Turcotte v Fell* (68 NY2d 432 [1986]) is misplaced, and her purported assumption of risk defense is barred by CPLR 1411.

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against her. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.