(June 21, 2016)

■    ANDREW LOMBARDI, Appellant-Respondent, v STRUCTURE TONE, INC., et al., Respondents-Appellants, et al., Defendants. (And a Third-Party Action.) [33 NYS3d 258]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about September 22, 2015, which, to the extent appealed from, granted so much of defendants Structure Tone, Inc. and Cowtan & Tout, Inc.'s motion as sought to set aside the jury's verdict on damages ($400,000 for past pain and suffering, $400,000 for past lost earnings, $425,000 for future pain and suffering, and $136,000 for future lost earnings), and directed a new trial thereon unless plaintiff agreed to accept and defendants agreed to pay $125,000, and denied so much of the motion as sought to set aside the jury's verdict as to defendants' liability under Labor Law § 241 (6), unanimously modified, on the facts, to deny the motion in part and reinstate the award for past pain and suffering in the amount of $400,000, to award $0 on account of past and future lost earnings, and to order a new trial as to damages for future pain and suffering unless plaintiff stipulates, within 30 days after service of a copy of this order with notice of entry, to a reduction of the jury award for future pain and suffering to $370,000, for a total award of $500,500 after allocation of fault, and otherwise affirmed, without costs.

The 41-year-old plaintiff was injured on August 3, 2011 when he stepped on a piece of electrical conduit debris on defendants Structure Tone and Cowtan & Tout's work site. The jury found defendants liable for plaintiff's injury under Labor Law § 241

(6), premised on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) (tripping and other hazards in work areas), allocating 65% fault to defendants and 35% to plaintiff. Plaintiff was awarded damages totaling $1,361,000, consisting of $400,000 for past pain and suffering, $400,000 for past lost earnings, $425,000 for future pain and suffering (covering a period of 8.5 years), and $136,000 for future lost earnings (covering a period of two years).

The court correctly determined that there was no basis for setting aside the verdict as to liability. The verdict was based on legally sufficient evidence (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]), and not against the weight of the evidence (Lolik v Big v Supermarkets, 86 NY2d 744 [1995]).

The jury's awards for past and future pain and suffering, as modified herein, do not deviate materially from reasonable compensation. Plaintiff sustained a evulsion fracture of the fifth metatarsal (i.e., with tendon involvement), for which he underwent an open reduction internal fixation procedure shortly after the accident. He had to undergo a second operation to remove the hardware. The evidence at trial established that plaintiff's Type 1 diabetes was a substantial aggravating factor impeding and prolonging his ability to heal. Plaintiff underwent skin debridements and approximately 20 treatments in a hyperbaric chamber. An MRI in February 2012 revealed "tendinosis of the peroneal brevis," a chronic problem resulting from healing of the initial injury with scar tissue. The instability of plaintiff's right foot prevents him from working in construction, where the risk of falling is always present. He continues to exhibit long-term instability and weakness. Under the circumstances, the award of $400,000 for past pain and suffering and a reduced award of $370,000 for future pain and suffering do not deviate from what would be considered reasonable compensation (see Vasquez v Chase Manhattan Bank, 266 AD2d 3 [1st Dept 1999] [upholding $1.55 million for future pain and suffering where the plaintiff was operated on twice for a fractured heel and ruptured disc resulting from a scaffold injury]; McGilloway v Block 1289 Assoc., 266 AD2d 35 [1st Dept 1999], lv dismissed 94 NY2d 915 [2000], lv denied 95 NY2d 755 [2000] [award of $880,000 for future pain and suffering where the plaintiff sustained a severe and disabling heel injury]).

There is no basis for the awards for past and future lost earnings inasmuch as the evidence showed that plaintiff has been working and advertising for work in a self-employed capacity.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.