# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1034**
**CA 15-02041**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

PATRICK KINGSTON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF
BUFFALO, N.Y., AND THE BOYS AND GIRLS CLUB OF
THE NORTHTOWNS FOUNDATION, INC.,
DEFENDANTS-RESPONDENTS.

---

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS CARDINAL O'HARA HIGH SCHOOL AND
THE DIOCESE OF BUFFALO, N.Y.

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN A. BROWN OF COUNSEL), FOR
DEFENDANT-RESPONDENT THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS
FOUNDATION, INC.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Russell
P. Buscaglia, A.J.), entered September 10, 2015.  The order denied the
motion of plaintiff for partial summary judgment seeking a
determination that Arts and Cultural Affairs Law § 37.09 (1) applies
to this action, and granted the cross motions of defendants for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action to recover damages
for injuries he sustained during a professional wrestling performance.
Supreme Court denied his motion for partial summary judgment seeking a
determination that Arts and Cultural Affairs Law § 37.09 (1) applies
to this action, and granted the cross motions of defendants for
summary judgment dismissing the complaint.  Contrary to plaintiff's
contention, the court properly granted the cross motions insofar as
they sought dismissal of the first cause of action, which asserts a
violation of section 37.09 (1).  The statute, entitled "[p]rotection
of aerial performers from accidental falls" (*id.*), requires that
protective devices be supplied to participants in an aerial
performance "which creates a substantial risk to [the performer] or
others of serious injury from falling" (*id.*).  Here, we agree with the
court that plaintiff was injured when he executed a maneuver that

included a planned jump with an acrobatic flip onto the wrestling ring's surface from the ropes surrounding the ring, rather than from an accidental fall (*cf. Murach v Island of Bob-Lo Co.*, 290 AD2d 180, 181), and thus the statute is inapplicable.

Contrary to plaintiff's further contention, the court properly granted defendants' cross motions insofar as they sought dismissal of the second cause of action, which asserts negligence on the part of defendants, on the ground that it is barred by the doctrine of primary assumption of the risk. It is well settled that the primary "assumption of [the] risk doctrine applies where a consenting participant in sporting and amusement activities 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks' " (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356). The participant assumes the risks that are inherent in the "sporting or amusement activit[y]" (*id.*), which "commensurately negates any duty on the part of the defendant to safeguard him or her from the risk" (*Trupia v Lake George Cent. Sch. Dist.*, 14 NY3d 392, 395). Consequently, a participant in such activity " 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the [activity] generally and flow from such participation' " (*Martin v Fiutko*, 27 AD3d 1130, 1131). "[F]or purposes of determining the extent of the threshold duty of care, knowledge plays a role but inherency is the sine qua non" (*Morgan v State of New York*, 90 NY2d 471, 484). Finally, "[t]he primary assumption of the risk doctrine also encompasses risks involving less than optimal conditions . . . 'It is not necessary to the application of assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results' " (*Bouck v Skaneateles Aerodrome, LLC*, 129 AD3d 1565, 1566, quoting *Maddox v City of New York*, 66 NY2d 270, 278).

Here, the court properly concluded that the risk of severe neck and back injuries is inherent in the planned and staged activity engaged in by plaintiff, i.e., jumping from a four-foot high rope onto a wrestling ring, landing on one's back, and then being pushed out of the ring by another performer. Thus, "it is indisputable that . . . plaintiff assumed the risk of landing incorrectly when tumbling in the manner he had been trained to do during his [five-year career as a professional wrestling performer]. The fact that the [rope was slightly looser], a circumstance of which . . . plaintiff was plainly aware, does not raise an issue of fact" (*Morgan*, 90 NY2d at 487; *see generally Yedid v Gymnastic Ctr.*, 33 AD3d 911, 911). Therefore, "by participating in the [exhibition], plaintiff consented that the duty of care owed him by defendants was no more than a duty to avoid reckless or intentionally harmful conduct . . . [and] consent[ed] to accept the risk of injuries that are known, apparent or reasonably foreseeable consequences of his participation in" that exhibition (*Turcotte v Fell*, 68 NY2d 432, 437), including the risk of the injuries he sustained.

Entered: November 18, 2016                                    Frances E. Cafarell
                                                             Clerk of the Court