Rose, J.
 

 Appeal from a judgment of Supreme Court (Nolan Jr., J.), entered October 20, 2016 in Saratoga County, upon a verdict rendered in favor of plaintiff.
 

 Plaintiff was visiting at the home of defendants, her brother and sister-in-law, when her nine-year-old nephew asked her to jump with him on the trampoline that was located in defendants’ side yard. Initially, the nephew jumped in unison with the 48-year-old plaintiff, who had never been on a trampoline before, but then the nephew intentionally began jumping out of unison with her. As a result of the nephew’s conduct — referred to as “double jumping” — plaintiff was thrown off balance and the trampoline mat struck her with sufficient force to fracture a number of bones in her left foot. Plaintiff thereafter commenced this negligence action to recover damages for the injuries she sustained as a result of her nephew’s double jumping. At the ensuing jury trial, defendants requested that Supreme Court charge the jury regarding primary assumption of risk. Supreme Court denied defendants’ request and, instead, charged the jury regarding implied assumption of risk. Ultimately, the jury found in plaintiff’s favor and awarded her $220,000 for past pain and suffering and $580,000 for future pain and suffering. Defendants’ subsequent motion to set aside the verdict was denied, and this appeal ensued.
 

 The crux of defendants’ argument on appeal is that Supreme Court erred in denying their request to charge the jury regarding primary assumption of risk. We are not persuaded. Pursuant to CPLR 1411, any culpable conduct attributable to a plaintiff in a personal injury action, including “assumption of risk,” shall not bar the plaintiff’s recovery. Despite this provision, the Court of Appeals has “held that a limited vestige of the assumption of the risk doctrine — referred to as ‘primary’ assumption of the risk — survived the enactment of CPLR 1411 as a defense to tort recovery in cases involving certain types of athletic or recreational activities” (Custodi v Town of Amherst, 20 NY3d 83, 87 [2012]; see Trupia v Lake George Cent. School Dist., 14 NY3d 392, 394-395 [2010]; Morgan v State of New York, 90 NY2d 471, 483-484 [1997]; Benitez v New York City Bd. of Educ., 73 NY2d 650, 657 [1989]; Turcotte v Fell, 68 NY2d 432, 438-439 [1986]). Although the Court of Appeals has continued to express the vitality of the doctrine of primary assumption of risk, it has cautioned that the application of the doctrine “must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation” (Trupia v Lake George Cent. School Dist., 14 NY3d at 395; accord Custodi v Town of Amherst, 20 NY3d at 89). Thus, as a general rule, the doctrine “should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues” (Custodi v Town of Amherst, 20 NY3d at 89; see Trupia v Lake George Cent. School Dist., 14 NY3d at 395; Benitez v New York City Bd. of Educ., 73 NY2d at 657; see e.g. Anand v Kapoor, 15 NY3d 946, 948 [2010]; Sykes v County of Erie, 94 NY2d 912, 913 [2000]).
 

 Here, defendants concede that the injury-producing activity does not fit within the narrow group of cases to which the doctrine of primary assumption of risk has been applied (see generally Custodi v Town of Amherst, 20 NY3d at 88-89). Instead, defendants assert that this Court should find that an exception to the general rule is warranted here (see Custodi v Town of Amherst, 20 NY3d at 89 n 2). In our view, however, jumping on a trampoline, whether double jumping or otherwise, in the yard of a private residence “does not fit comfortably within the parameters of the [primary assumption of risk] doctrine” as set out by the Court of Appeals (Custodi v Town of Amherst, 20 NY3d at 89; see Trupia v Lake George Cent. School Dist., 14 NY3d at 395-396; Filer v Adams, 106 AD3d 1417, 1418-1419 [2013]). In this regard, we find that the activity at issue here is not the type of “ ‘socially valuable voluntary [sport or recreational] activity' that the doctrine seeks to encourage” (Wolfe v North Merrick Union Free Sch. Dist., 122 AD3d 620, 621 [2014], quoting Trupia v Lake George Cent. School Dist., 14 NY3d at 396; see Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 763-764 [2015]; but see Liccione v Gearing, 252 AD2d 956, 956 [1998], lv denied 92 NY2d 818 [1999]), nor would application of the doctrine under these facts serve to promote the policy rationale underlying its continued retention — namely, “to facilitate free and vigorous participation in athletic activities” (Benitez v New York City Bd. of Educ., 73 NY2d at 657; accord Custodi v Town of Amherst, 20 NY3d at 88; Bukowski v Clarkson Univ., 19 NY3d 353, 358 [2012]; Trupia v Lake George Cent. School Dist., 14 NY3d at 395). Accordingly, we decline to create an exception under the circumstances presented in this case.
 

 Next, defendants raise several issues with respect to the implied assumption of risk charge given by Supreme Court. At trial, however, the only objection that defendants raised was to the court’s decision to provide the jury with an implied assumption of risk charge instead of a primary assumption of risk charge. In light of this, we find that defendants’ specific claims regarding the charge as given are wholly unpreserved for our review (see Hunt v Bankers & Shippers Ins. Co. of N.Y., 50 NY2d 938, 940 [1980]; Curanovic v New York Cent. Mut. Fire Ins. Co., 22 AD3d 975, 976 [2005]). Although this Court has the power to “order a new trial when an unpreserved error in a jury charge is fundamental” (Vallone v Saratoga Hosp., 141 AD3d 886, 890 [2016]; see Alvarado v Dillon, 67 AD3d 1214, 1216 [2009]), we find that no error occurred here inasmuch as Supreme Court’s charge followed the pattern jury instruction regarding implied assumption of risk (see PJI 2:55) and appropriately conveyed what the jury was to consider in determining whether plaintiff assumed the risk of injury from the nephew’s double jumping.
 

 Finally, we are unpersuaded by defendants’ contention that the $580,000 jury award for future pain and suffering, which covers a period of 29 years, should be set aside as excessive. “The amount of a damage award for personal injuries is a question of fact for the jury, and ‘may be set aside only when it deviates materially from what would be reasonable compensation’ ” (Ciuffo v Mowery Constr., Inc., 107 AD3d 1195, 1197 [2013], quoting Vogel v Cichy, 53 AD3d 877, 878 [2008] [citation omitted]; see CPLR 5501 [c]; see Garrison v Lapine, 72 AD3d 1441, 1442 [2010]). The uncontroverted proof established that plaintiff has had four different surgeries on her left foot, including operations to insert an implant and fuse together certain joints, that she must walk slowly and with a limp, and is in a constant state of pain. An orthopedic surgeon who examined plaintiff four years after her injury described her left foot as severely injured and noted that she has developed post-traumatic arthritis in her foot and she suffers from permanent limited mobility as a result of the fusion to her joints. According to the orthopedic surgeon, plaintiff’s left foot will never function normally, she will continue to experience the same level of pain, if not worse pain, in the future and there is a “relatively high likelihood” that she will need additional surgeries.
 

 Given the foregoing proof establishing the severity and permanent extent of plaintiff’s injuries, “and recognizing that damage awards for pain and suffering are inherently subjective and not subject to precise quantification or formulas” (Garrison v Lapine, 72 AD3d at 1443), we find that the $580,000 award for future pain and suffering is within the range of reasonable compensation (see Vasquez v City of New York, 298 AD2d 187, 187 [2002]; cf. Ciano v Sauve, 42 AD3d 556, 557 [2007]). We are unpersuaded that the cases that defendants rely upon support a contrary conclusion inasmuch as each of those cases involved injuries that were either not as extensive as plaintiff’s or that did not result in similar lasting consequences (see Lombardi v Structure Tone, Inc., 140 AD3d 539, 540 [2016]; Crooms v Sauer Bros. Inc., 48 AD3d 380, 382 [2008]; Lurker v Pellikaan, 23 AD3d 276, 277 [2005]; Pearson v Carroturo, 210 AD2d 387, 388 [1994]; Stein v Trans World Airlines, 25 AD2d 732, 732 [1966]).
 

 Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
 

 Ordered that the judgment is affirmed, with costs.