Wyzykowski v State of New York (2018 NY Slip Op 04875)





Wyzykowski v State of New York


2018 NY Slip Op 04875


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WINSLOW, JJ.


635 CA 17-01934

[*1]MARY WYZYKOWSKI, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 125390.) 






BROWN CHIARI LLP, BUFFALO (ANGELO S. GAMBINO OF COUNSEL), FOR CLAIMANT-APPELLANT. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarek, J.), entered January 3, 2017. The order granted the motion of defendant for summary judgment dismissing the claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the claim is reinstated.
Memorandum: Claimant commenced this action seeking damages for injuries that she sustained when she fell while ice skating on a rink owned and operated by defendant at the State University of New York at Brockport. The Court of Claims granted defendant's motion for summary judgment dismissing the claim on the ground that there was not a dangerous condition on the ice and, even if a dangerous condition existed, the claim is barred by the doctrine of assumption of the risk. We reverse.
Initially, even assuming, arguendo, that defendant met its initial burden on the issue whether a dangerous condition existed at the time of claimant's fall and was created as a result of defendant's allegedly negligent maintenance of the ice surface (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), we agree with claimant that she raised triable issues of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further agree with claimant that her claim is not barred by the doctrine of assumption of the risk. It is well settled that "[a claimant] will not be held to have assumed those risks that are not inherent . . . , i.e., not ordinary and necessary in the sport" (Lamey v Foley, 188 AD2d 157, 164 [4th Dept 1993] [internal quotation marks omitted]). Although the risk of falling while ice skating is " inherent in and arise[s] out of the nature of the sport generally' " (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]), we conclude that skating on a negligently maintained ice surface is not a risk that is inherent in the sport. Contrary to defendant's contention, under the circumstances presented here, claimant's awareness of the poor ice conditions and her decision to continue skating for some period of time, apparently to have a photograph taken, relate only to the issue of her comparative fault, if any (cf. Rossman v RCPI Landmark Props., L.L.C., 41 AD3d 318, 318 [1st Dept 2007]; Gillett v County of Westchester, 274 AD2d 547, 547 [2d Dept 2000]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court