Bell-Moran v Pena (2022 NY Slip Op 05147)

Bell-Moran v Pena

2022 NY Slip Op 05147

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-09692
 (Index No. 71187/18)

[*1]Cristin Bell-Moran, etc., appellant,
v
Christian Pena, et al., respondents.

Cascione Purcigliotti & Galluzzi, P.C., Eastchester, NY (Thomas G. Cascione of counsel), for appellant.
Burke Conway & Stiefeld, White Plains, NY (Jayne F. Monahan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), entered November 17, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In March 2016, an infant, then approximately 12 years old, sustained personal injuries while attempting to perform a front flip on a trampoline in the defendants' backyard. Thereafter, the infant's mother, on behalf of the infant and individually, commenced this action against the defendants alleging, inter alia, that the defendants were negligent in their ownership of the trampoline and in their supervision of the infant. After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Initially, the Supreme Court erred in determining that the doctrine of primary assumption of risk barred the plaintiff's claims. The "application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d 83, 89). Here, the infant used the trampoline in the yard of the defendants' private residence, not a designated athletic or recreational venue; and the defendants did not actively sponsor or promote the activity (see id. at 89; DeMarco v DeMarco, 154 AD3d 1226, 1227-1228). As such, the primary assumption of risk doctrine is inapplicable.
However, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. "A person, other than a parent, who undertakes to control, care for, or supervise an infant, is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control" (Appell v Mandel, 296 AD2d 514, 514).
Here, the defendants established, prima facie, that they did not undertake a duty to supervise the infant. In support of their motion, the defendants submitted, among other things, a transcript of the deposition testimony of the defendant Janique Grant, who testified that, at the time of the incident, the defendants were not at home, and were not aware that their daughter had invited the infant to their house to use the trampoline. According to Grant, the defendants had instructed their daughter to never use the trampoline without their supervision, and had discussed with their daughter safety rules for the use of the trampoline, including that only one person could use the trampoline at a time. Moreover, Grant testified that their daughter was allowed to have friends over after school only if she first asked for permission, and that, on the date of the incident, the defendants' daughter had not asked for permission.
The defendants also submitted in support of their motion, transcripts of the deposition testimony of the infant and of her mother, who each testified that, on the date of the incident, the infant's mother had instructed the infant to go directly to a recreational center after school. However, unbeknownst to the mother, the infant instead went to the defendants' home to play on the trampoline. Although the infant's mother knew that her daughter had occasionally played on the defendants' trampoline, she had instructed the infant to never use the trampoline unless the defendants were present. The infant's mother testified that she never had any conversations with the defendants about the infant's use of the trampoline.
The defendants' submissions established, prima facie, that the defendants did not undertake any duty to supervise the infant on the date of the incident. In opposition, the plaintiff failed to raise a triable issue of fact on the cause of action alleging negligent supervision.
The plaintiff also contends that the defendants are liable for the injuries sustained by the infant resulting from the unsafe use of the trampoline on the theory that, as property owners, the defendants have "a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85; see Martinelli v Dublin Deck, Inc., 198 AD3d 635, 636). Even assuming that this principle is applicable to the facts of this case (see Lasek v Miller, 306 AD2d 835, 836), the defendants established, prima facie, that they did not have the opportunity to control the unsafe use of the trampoline on their property, and that they were not "reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d at 85).
Contrary to the plaintiff's contention, the deposition testimony of nonparty Mari E. Donahue was insufficient to raise a triable issue of fact. Donahue testified that at some unspecified times she had observed her niece and the defendants' daughter using the trampoline both with and without adult supervision, and that she "guess[ed]" that at times, her niece jumped on the trampoline by herself, with the defendants' daughter, and with other girls. Donahue testified that she "assume[d]" that the girls jumped on the trampoline all together. Donahue did not testify, however, that she observed the girls jumping on the trampoline all together, or, more significantly, that she ever informed the defendants that the girls were using the trampoline when the defendants were not home or that the girls were, in any way, using the trampoline in an unsafe manner. Thus, Donahue's testimony did not raise a triable issue of fact as to whether the defendants knew or should have known about the unsafe use of the trampoline and had a reasonable opportunity to prevent or control such use (cf. Lasek v Miller, 306 AD2d at 836).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court