Munoz v City of New York (2025 NY Slip Op 02291)

Munoz v City of New York

2025 NY Slip Op 02291

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 150954/23|Appeal No. 4151|Case No. 2024-03541|

[*1]Luis A. Munoz, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

The Law Offices of Omrani & Taub, P.C., New York (Constantine Pavlos of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered April 16, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment dismissing defendants' affirmative defenses, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff alleges that as he was riding an electric scooter in the bike lane heading southbound on Second Avenue, he was struck by a van owned and/or managed by defendants the City of New York, New York City Department of Finance, and NYC Sheriff Department and driven by defendant Adrian Baptiste. According to plaintiff, defendants' van which was also traveling southbound on Second Avenue, struck plaintiff as it made a left-hand turn onto East 30th Street, with a flashing yellow traffic signal. Plaintiff alleges that the bike lane had a steady green traffic signal at the time of the accident.
In their answer to plaintiff's complaint for negligence, defendants asserted four affirmative defenses: culpable conduct, assumption of risk, qualified immunity, and emergency doctrine. Plaintiff moved for summary judgment dismissing defendants' affirmative defenses, arguing that he was not comparatively negligent because he was proceeding straight on a green light when struck by defendants' vehicle and that defendants failed to provide any evidence to establish their entitlement to the asserted affirmative defenses.
Plaintiff, as the moving party, bears the initial burden of "establish[ing] his prima facie entitlement to summary judgment dismissing the affirmative defense[s]" (Muslar v Hall, 214 AD3d 77, 81 [1st Dept 2023]). Here, plaintiff established through his 50-h testimony and affidavit that he was traveling within the bike lane at 12 to 15 miles per hour on a green light when defendants' van struck him. In response to plaintiff's prima facie showing of negligence, defendants did not raise an issue of fact, warranting dismissal of this affirmative defense (see Flores v City of New York, 66 AD3d 599, 599 [1st Dept 2009]). Defendants did not submit any affidavit or other facts in opposition to plaintiff's summary judgment motion, and "[t]he mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient" to deem plaintiff's motion premature (id. at 600). As such, Supreme Court should have granted plaintiff's motion to dismiss defendants' affirmative defense of comparative negligence.
Supreme Court should have also granted plaintiff's motion to dismiss defendants' affirmative defense of assumption of risk. The defense of assumption of risk is "limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]). The defense does not apply to cases involving traffic [*2]accidents such as this (see De Diaz v Klausner, 198 AD3d 475, 477 [1st Dept 2021]).
Defendants failed to raise issues of fact as to the emergency doctrine or governmental immunity. The record fails to show that when the accident occurred, Baptiste faced any emergency or was the driver of a authorized emergency vehicle responding to an urgent emergency situation thus foreclosing the applicability of either affirmative defense (see Frezzell v City of New York, 24 NY3d 213, 217-218 [2014]; Szczerbiak v Pilat, 90 NY2d 553, 556-557 [1997]; De Diaz, 198 AD3d at 476-477).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025