■ Thomas M. Iurato et al., Plaintiffs, v City of New York et al., Respondents, et al., Defendant. URS Greiner Woodward-Clyde Group Consultants, Sued Herein as URS Corporation, Third-Party Plaintiff-Respondent, v Abax, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [793 NYS2d 915]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered August 1, 2003, which, to the extent appealed from, denied the motion of third-party defendant Abax, Inc. for summary judgment dismissing all claims against it, unanimously affirmed, without costs.

Abax's motion for summary judgment dismissing all claims against it was properly denied insofar as it has not been established which party placed the plastic underneath the ladder. If a jury determines that the general contractor's culpability is vicarious only, it may be entitled to contractual indemnification from Abax (*De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 193 [2003]). The motion is thus premature with respect to contractual indemnification, since there has been no determination as to the proximate cause of injury or who was liable for the accident (*cf. id.*).

We have considered Abax's remaining arguments and find them without merit. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.