■ Judith Rubin et al., Plaintiffs, v Port Authority of New York and New Jersey, Appellant, and Greyhound Lines, Inc., Respondent, et al., Defendant. [854 NYS2d 61]—

It is alleged that the injured plaintiff tripped and fell in a hole where a stanchion had been, in an area where passengers would queue up to board Greyhound buses at the Port Authority Bus Terminal in Manhattan. There is an issue of fact, based on the circumstances presented including Greyhound's use of the area, as to whether it created or contributed to the dangerous condition, and thus had a duty to warn or protect passengers (see Kush v City of Buffalo, 59 NY2d 26, 29-30 [1983]), even if such area was not within the boundaries of its leasehold.

The indemnification clause in Greyhound's lease, which it produced in discovery and relied on before the motion court, and which remained effective after expiration of the lease (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300-301 [1975]), is enforceable in light of Greyhound's lease obligation to procure insurance, even if that clause does not limit recovery to the required coverage (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419 [2006]), and despite the fact that the amount of damages in this case had not been reduced to a sum certain within required policy limits.

There should have been a conditional grant of summary judgment on the indemnification claim (see Lowe v Dollar Tree Stores, Inc., 40 AD3d 264 [2007], lv dismissed 9 NY3d 891

[2007]; *Mangano v American Stock Exch.*, 234 AD2d 198 [1996]). Our holding in *Iurato v City of New York* (18 AD3d 247 [2005], *lv dismissed* 6 NY3d 806 [2006]), that an attempt to dismiss an indemnification claim prior to a finding of liability was premature, is not to the contrary. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.