■ SALIMOU SOUARE et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, and GREYHOUND LINES, INC., Appellant. [4 NYS3d 173]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered April 15, 2013, which granted defendants' motions to

reargue, and upon reargument, granted defendant Port Authority of New York and New Jersey's motion for summary judgment on its cross claim against defendant Greyhound Lines, Inc. for breach of contract for failure to procure insurance, and denied Greyhound's motion for summary judgment on its contractual indemnification cross claims, unanimously modified, on the law, to deny the Port Authority's motion for summary judgment on its breach of contract cross claim, and otherwise affirmed, without costs.

In this premises liability action, the motion court correctly denied both defendants' motions as to contractual indemnification on the ground that it was unable to determine which entity controlled the location where plaintiff fell. Although the Space and Services Agreement provided that the Port Authority would provide general maintenance for the terminal, the Bus Carrier License Agreement obligated Greyhound to indemnify the Port Authority for all third-party claims arising out of its use of the space defined as the area where passengers loaded, and to "take the precautions at the gates and platforms adjacent to the Space reasonably necessary to assure the safety of its passengers and other persons" (*see Rubin v Port Auth. of N.Y. & N.J.*, 49 AD3d 422, 422 [1st Dept 2008]).

The motion court also correctly held that the Bus Carrier License Agreement between the Port Authority and Greyhound required Greyhound to procure insurance covering the Port Authority for all liabilities arising out of Greyhound's use of the "Space" under that agreement; that Greyhound failed to provide evidence (a certificate of insurance) demonstrating compliance with its contractual requirements; and that Greyhound therefore breached the contract (*see Bachrow v Turner Constr. Corp.*, 46 AD3d 388, 388 [1st Dept 2007]). Accordingly, the Port Authority is entitled to recover any losses caused by this breach of contract (*see id.*). Nevertheless, the motion court's grant of summary judgment was premature, as it has yet to be determined that Greyhound's failure to procure the agreed-upon insurance caused the Port Authority any losses (*see id.*). Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.