SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**263**
**CA 14-01423**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

HOLLY M. REDMOND, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DENIS M. REDMOND AND CANDACE G. REDMOND,
DEFENDANTS-APPELLANTS.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 3, 2014. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries she allegedly sustained by striking her head on the bottom of an above-ground pool after sliding head first down a water slide. Plaintiff alleges that the incident occurred shortly after 1:00 a.m., during a party that defendants hosted at their home. Defendants moved for summary judgment dismissing the complaint, contending that the doctrine of assumption of risk barred the action, and that plaintiff's actions were the sole proximate cause of her injuries. Defendants appeal from an order denying their motion. We affirm.

In its recent decisions on the subject, the Court of Appeals has "generally restricted the concept of assumption of . . . risk to particular athletic and recreative activities in recognition that such pursuits have 'enormous social value' even while they may 'involve significantly heightened risks' " (*Custodi v Town of Amherst*, 20 NY3d 83, 88, quoting *Trupia v Lake George Cent. Sch. Dist.*, 14 NY3d 392, 395). "Consistent with this justification, each [Court of Appeals] case[] applying the doctrine involved a sporting event or recreative activity that was sponsored or otherwise supported by the defendant, or occurred in a designated athletic or recreational venue" (*id.*). The Court of Appeals has "clarified that the doctrine 'must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation' " (*id.* at 89, quoting *Trupia*, 14

NY3d at 395).  Thus, the Court of Appeals has concluded that, "[a]s a general rule, application of assumption of . . . risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (*id.*).

Here, we conclude that defendants failed to meet their initial burden on the motion inasmuch as their submissions failed to establish that plaintiff's injuries arose from a sporting event, an athletic or recreative activity sponsored by defendants, or an athletic or a recreational pursuit that took place at a designated venue (*see Custodi*, 20 NY3d at 89).  To the contrary, plaintiff was injured in the early morning hours while engaged in what reasonably could be characterized as "horseplay" during a party (*see Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621-622; *see generally Trupia*, 14 NY3d at 396).  Consequently, Supreme Court properly denied the motion without regard to the sufficiency of plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We have considered defendants' remaining contention and conclude that it is without merit.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court