Coon v WFP Tower B Co. L.P. (2023 NY Slip Op 04922)

Coon v WFP Tower B Co. L.P.

2023 NY Slip Op 04922

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 151837/16 Appeal No. 691 Case No. 2022-01413 

[*1]William A. Coon et al., Plaintiffs-Appellants-Respondents,
v
WFP Tower B Co. L.P. et al., Defendants-Respondents-Appellants.
WFP Tower B Co. L.P. et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Allran Electric of N.Y., LLC, Third-Party Defendant-Respondent-Appellant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants-respondents.
Cullen & Dykman, LLP, New York (Michael E. Joseph of counsel), for WFP Tower B Co. L.P., WFP Retail Co. L.P., Turner Construction Company, Time, Inc., and Security Control Integrators, respondents-appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville (Martin A. Schwartzberg of counsel), for Allran Electric of N.Y., LLC, respondent-appellant.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 9, 2022, which, to the extent appealed from as limited by the briefs, (1) denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 241 (6) claim, insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7 (e) (1), as against defendants/third-party plaintiffs WFP Tower B Co. L.P. (Tower), WFP Retail Co. L.P. (Retail; together with Tower, WFP defendants), Time, Inc., and Turner Construction Company (Turner; collectively with defendant/third-party plaintiff Security Control Integrators, Inc., defendants), and their Labor Law § 200 and common-law negligence claims, as against Turner; (2) (a) denied so much of defendants' separate motion as was for summary judgment dismissing, as against them, the Labor Law § 241 (6) claim insofar as predicated on 12 NYCRR 23-1.7 (e) (1), and, as against Turner, the Labor Law § 200 and common-law negligence claims, but (b) granted so much of the motion as was for summary judgment dismissing, as against them, the Labor Law § 241 (6) claim insofar as predicated on 12 NYCRR 23-1.7 (e) (2); (3) denied so much of defendants' separate motion as was for summary judgment in Turner's favor on, in effect, their third-party complaint against third-party defendant Allran Electric of N.Y., LLC (Allran); and (4) denied Allran's separate motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Supreme Court properly identified issues of fact as to whether the WFP defendants are proper Labor Law defendants in this action. While parts of the record identify Retail and Tower as holding the leasehold estate and ground lease, respectively, for the premises, the record is not dispositive as to whether the WFP defendants' relationship to the premises rises to the level of owner within the meaning of the Labor Law (see generally e.g. Scaparo v Village of Ilion, 13 NY3d 864, 867 [2009]).
Summary judgment was correctly denied to all parties on the Labor Law § 241 (6) claim insofar as predicated on 12 NYCRR 23-1.7 (e) (1), given issues of fact as to whether the area in which the accident occurred may be properly characterized as a passageway within the meaning of the regulation (see Pawlicki v 200 Park, L.P., 199 AD3d 578, 579 [1st Dept 2021]; Gallina v MTA Capital Constr. Co., 193 AD3d 414, 415 [1st Dept 2021]; Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]). The Labor Law § 241 (6) claim was also properly dismissed insofar as predicated on 12 NYCRR 23-1.7 (e) (2), since the record does not support the conclusion that the injured plaintiff fell into the hole because of an accumulation of debris; rather, he fell into it because he did not see it as he pushed his cart in front of him, and the hole was uncovered (see Ali v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 561, 562 [1st Dept 2019]; Colon v Metropolitan Transp. Auth., 159 AD3d 450, 451 [1st Dept [*2]2018]; compare e.g. Sande v Trinity Ctr. LLC, 188 AD3d 505, 506 [1st Dept 2020]; Gonzalez v G. Fazio Constr. Co., Inc. 176 AD3d 610, 611 [1st Dept 2019]).
Moreover, all parties were properly denied summary judgment on the Labor Law § 200 and common-law negligence claims as against Turner. Where, as here, liability is premised upon a dangerous premises condition, a defendant may be held liable only when it either created the dangerous condition or failed to remedy it despite having actual or constructive notice thereof (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Plaintiffs did not establish prima facie that the hole into which the injured plaintiff stepped was uncovered "for a sufficient length of time . . . to permit [Turner]'s employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Meanwhile, defendants "submitted no evidence of the cleaning schedule for the . . . site [of the accident] or when the site had last been inspected before the accident" as part of their moving papers (Pereira v New Sch., 148 AD3d 410, 413 [1st Dept 2017]; see e.g. Kolakowski v 10839 Assoc., 185 AD3d 427, 427-428 [1st Dept 2020]). To the extent that defendants may have submitted Turner's daily logs in reply to plaintiffs' opposition to their motion, this was new evidence that could not be considered in support of defendants' prima facie burden (see e.g. Dorset v 285 Madison Owner LLC, 214 AD3d 402, 403 [1st Dept 2023]; Benedetto v Hyatt Corp., 203 AD3d 505, 507 [1st Dept 2022]; Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]).
Finally, all parties were properly denied summary judgment on the third-party claims against Allran. Given issues of fact as to the scope of Allran's work on the project, as well as Turner's active negligence or freedom therefrom, issues of fact also remain as to whether Allran's duty to indemnify Turner has been triggered, either contractually or at common law (see generally Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Defendants did not establish Turner's prima facie entitlement to summary judgment on the breach of contract claim for failure to procure insurance, since their evidence was not in admissible form (see Benedetto, 203 AD3d at 506). Allran's argument that the claim should be dismissed for lack of damages is unavailing, since it has not yet been determined whether Allran's alleged failure to procure the agreed-upon insurance caused Turner any losses (Souare v Port Auth. of N.Y. & N.J., 125 AD3d 494, 495 [1st Dept 2015]; see Gonzalez v DOLP 205 Props. II, LLC, 206 AD3d 468, 471-472 [1st Dept 2022]; Bachrow v Turner Constr. Corp., 46 AD3d 388, 388 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023