Lora v Manhattan Interiors Inc. (2025 NY Slip Op 01891)

Lora v Manhattan Interiors Inc.

2025 NY Slip Op 01891

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 152245/19|Appeal No. 4008|Case No. 2024-02100|

[*1]Maritza Lora, Plaintiff-Respondent,
v
Manhattan Interiors Inc., Defendant, Cameron Remigio, Defendant-Appellant, Rose Terra Management LLC et al., Defendants-Respondents.

Mead, Hecht, Conklin & Gallagher, LLP, White Plains (George P. Epstein II of counsel), for appellant.
Horn Appellate Group, Brooklyn (Ross Friscia of counsel), for Rose Terra Management, LLC, Terra Holdings, LLC, and Churchill Owners Corp, respondents.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered February 20, 2024, which, to the extent appealed from, denied defendant Cameron Remigio's motion for summary judgment dismissing the cross-claims against him asserted by defendants Churchill Owners Corp., Terra Holdings, LLC, and Rose Terra Management, LLC (Owner Defendants), unanimously modified, on the law, the motion granted to the extent of dismissing the first and second cross-claims, and otherwise affirmed, without costs.
The Owner Defendants' first cross-claim for contribution and indemnification due to Remigio's own negligence and second cross-claim for contractual indemnification pursuant to the alteration agreement should have been dismissed. Contrary to the Owner Defendants' contention, dismissing these cross-claims is not premature where no triable issues of fact exist as to Remigio's liability and thus his obligation to indemnify them (compare Iurato v City of New York, 18 AD3d 247, 248 [1st Dept 2005]). The motion court has already determined that Remigio was not negligent and dismissed the complaint as against him, an order from which the Owner Defendants did not appeal.
Remigio, however, does not raise a viable argument to warrant dismissing the Owner Defendants' third cross-claim against him for failure to procure insurance. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025