Sen v GR Realty Holdings LLC

2026 NY Slip Op 02947

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Annabel Sen, Appellant-Respondent,

v

GR Realty Holdings LLC, et al., Respondents-Appellants, Brown Harris Stevens Residential Management, LLC, et al., Defendants-Respondents.

Decided and Entered: May 12, 2026

Index No. 157812/20|Appeal No. 6598|Case No. 2025-03723|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Morelli Law Firm PLLC, New York (Perry S. Fallick of counsel), for appellant-respondent.

Tanenbaum Keale LLP, New York (Rebecca Elais of counsel), and Carlton Fields, PA, Miami FL (Samuel B. Spinner, of the bar of the State of Florida, admitted pro hac vice, of counsel), for GR Realty Holdings LLC, respondent-appellant.

Lewis Johs Avallone Aviles, LLP, New York (Lawrence J. Freeze of counsel), for 15 Union Square West Condominium, respondent-appellant and Brown Harris Stevens Residential Management, LLC, respondent.

Sills Cummis & Gross P.C., New York (James M. Hirschhorn of counsel), for Henrique Dubugras and Pedro Franceschi, respondents.

[*1]

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about June 6, 2025, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendants Henrique Dubugras and Pedro Franceschi (together, the tenant defendants) for summary judgment dismissing the complaint and GR Realty Holdings LLC's cross-claim for contractual indemnification as against them; granted the motion of defendants 15 Union Square West Condominium and Brown Harris Stevens Residential Management, LLC (BHS) for summary judgment dismissing the complaint and all cross-claims as against them only to the extent of dismissing the complaint and all cross-claims as against BHS and otherwise denied the motion; and denied GR Realty's motion for summary judgment in its favor on its cross-claim against the tenant defendants for breach of contract for failure to procure insurance, unanimously modified, on the law, to deny the tenant defendants' motion to the extent it sought dismissal of the complaint as against them and to the extent it sought dismissal of GR Realty Holdings LLC's cross-claim for contractual indemnification as against them, and to deny BHS's motion to the extent it sought dismissal of the complaint as against it, and otherwise affirmed, without costs.

In this personal injury action, plaintiff seeks damages for injuries that she allegedly sustained when a heavy wooden lounge chair struck her after it was blown off the terrace of a 12th floor apartment in Manhattan. The building was owned by 15 Union Square West and managed by BHS; the apartment itself was owned by GR Realty and was rented to the tenant defendants.

Supreme Court should not have dismissed the complaint as against the tenant defendants and BHS. There are issues of fact as to whether the tenant defendants, who owe a common-law duty of reasonable care to maintain the premises in a reasonably safe condition independent of any obligation that might be imposed by their lease, had constructive notice of the potentially hazardous condition created by the unsecured lounge chair (see Williams v Esor Realty Co., 117 AD3d 480, 480 [1st Dept 2014]). Although the lease stated that tenant defendants were not permitted to change the location of any furniture in the apartment, there were occasions when GR Realty granted tenant requests to move furniture. The record also presents evidence that the tenant defendants used the terrace during their occupancy, and issues of fact exist as to whether the risk posed by this furniture was visible and apparent during this period.

[*2]

Similarly, there are issues of fact as to whether BHS, which managed the property, had constructive notice of the potentially hazardous condition and exercised control over the use of the terraces yet failed to take sufficient precautions in order to prevent or remedy a hazardous condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Adriana G. v Kipp Wash. Hgts. Middle Sch., 165 AD3d 469, 469 [1st Dept 2018]; cf. Williams v 520 Madison Partnership, 38 AD3d 464, 466-467 [1st Dept 2007]). There is evidence in the record that BHS had previously been involved in notifying owners of potential hazards posed by windy conditions, and in fact had helped owners to secure furniture or bring it inside during bad weather.

Supreme Court properly declined to dismiss the action as against 15 Union Square West. Although 15 Union Square West contends that GR Realty had exclusive use of the terrace, the condominium documents classified the terrace as a "limited common element" and permitted 15 Union Square West to regulate its use and to perform maintenance and repair related to it. Moreover, 15 Union Square West implemented terrace guidelines, which contemplated windy terraces and suggested ways in which terrace furniture could be properly secured. These facts, viewed in the light most favorable to plaintiff, raise triable issues of fact as to whether 15 Union was negligent in its control of the terrace furniture.

Supreme Court should have denied the tenant defendants' motion for summary judgment dismissing GR Realty's cross-claim for contractual indemnification. As already noted, questions of fact exist as to whether the tenant defendants were negligent and whether their indemnification obligations have therefore been triggered (see Karwowski v 1407 Broadway Real Estate, LLC, 160 AD3d 82, 87-88 [1st Dept 2018]). The same issues of fact also preclude summary judgment in GR Realty's favor on its cross-claim for contractual indemnification.

Finally, Supreme Court properly found that GR Realty is not entitled to summary judgment on its claim against the tenant defendants for breach of contract premised on a failure to procure insurance under the terms of the lease. GR Realty has not established that it is free from any negligence, nor has it proven that it sustained any losses from the alleged breach (see Souare v Port Auth. of N.Y. & N.J., 125 AD3d 494, 495 [1st Dept 2015]; Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026