Raldiris v Enlarged City Sch. Dist. of Middletown (2020 NY Slip Op 00630)





Raldiris v Enlarged City Sch. Dist. of Middletown


2020 NY Slip Op 00630


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-09532
 (Index No. 547/14)

[*1]Hiram Anthony Raldiris, appellant-respondent,
v
Enlarged City School District of Middletown, et al., defendants third-party plaintiffs-respondents-appellants, Terlouw Construction, Inc., defendant third-party plaintiff-respondent, Parkitects, Inc., defendant third-party defendant-respondent.


Pena & Kahn, PLLC, Bronx, NY (Diane Welch Bando and Eric Gottfried of counsel), for appellant-respondent.
LaRose & LaRose, Poughkeepsie, NY (Keith V. LaRose of counsel), for defendants third-party plaintiffs-respondents-appellants.
Gambeski & Frum, Elmsford, NY (H. Malcom Stewart and George Gambeski of counsel), for defendant third-party plaintiff-respondent.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP, Farmingdale, NY (Scott Gurtman and Amanda M. Aiello of counsel), for defendant third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants third-party plaintiffs Enlarged City School District of Middletown and City of Middletown Board of Education cross-appeal, from an amended order of the Supreme Court, Orange County (Gretchen Walsh, J.), dated August 1, 2016. The amended order, insofar as appealed from, granted those branches of the motion of the defendants third-party plaintiffs Enlarged City School District of Middletown and City of Middletown Board of Education, and the cross motion of the defendant third-party plaintiff Terlouw Construction, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them. The amended order, insofar as cross-appealed from, denied, as academic, those branches of the motion of the defendants third-party plaintiffs Enlarged City School District of Middletown and City of Middletown Board of Education which were for summary judgment on their cross claims for contribution and contractual indemnification against the defendant third-party plaintiff Terlouw Construction, Inc., and their cross claim for contribution and common-law indemnification against the defendant third-party defendant.
ORDERED that the amended order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants third-party plaintiffs Enlarged City School District of Middletown and City of Middletown Board of Education, payable by the plaintiff, and one bill of costs to the defendant third-party plaintiff Terlouw Construction, Inc., and the defendant third-party defendant, payable by the defendants third-party plaintiffs Enlarged City School District of [*2]Middletown and City of Middletown Board of Education.
In this action, the plaintiff alleges that he was injured while pushing his two-year-old daughter on a molded bucket seat swing at a playground located on the property of the defendants third-party plaintiffs Enlarged City School District of Middletown and City of Middletown Board of Education (hereinafter together the School District defendants). The swing was designed by the defendant third-party defendant, Parkitects, Inc. (hereinafter Parkitects), and installed by the defendant third-party plaintiff Terlouw Construction, Inc. (hereinafter Terlouw), pursuant to a contract with nonparty Boyce Excavating Co., Inc. (hereinafter Boyce), which was the contractor hired by the School District defendants. The plaintiff alleges that the swing was improperly installed with one side of the back chain being longer than the other, causing the swing to swing crookedly. The plaintiff alleges that this crooked motion caused his daughter to begin to slide off the seat of the swing, and that he fractured his hand when he attempted to stop the swing in order to "rescue" her.
After filing a notice of claim, the plaintiff commenced this action against the School District defendants, Terlouw, and Parkitects. Terlouw filed an answer with a cross claim for contribution against the School District defendants and Parkitects. Parkitects filed an answer with cross claims for contribution and indemnification against the School District defendants and Terlouw. The School District defendants filed an answer with cross claims for contractual indemnification, common-law indemnification, and contribution against Terlouw and Parkitects, as well as a cross claim alleging breach of contract against Terlouw. Subsequently, a stipulation of discontinuance was filed, whereby the plaintiff agreed to discontinue the action, without prejudice, against Parkitects. Accordingly, Parkitects remained in the action as a third-party defendant only.
After the plaintiff filed a note of issue, the School District defendants moved for summary judgment dismissing the complaint insofar as asserted against them, on their cross claims for contractual and common-law indemnification, contribution, and breach of contract asserted against Terlouw, and on their cross claims for common-law indemnification and contribution asserted against Parkitects. Parkitects separately moved, inter alia, for summary judgment dismissing the cross claims asserted against it by the School District defendants and Terlouw. Terlouw cross-moved for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims asserted against it by the School District defendants. By amended order dated August 1, 2016, the Supreme Court, inter alia, granted those branches of the School District defendants' motion and Terlouw's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. The court also denied, as academic, those branches of the School District defendants' motion which were for summary judgment on the cross claims asserted against Terlouw and Parkitects. The plaintiff appeals and the School District defendants cross-appeal.
Initially, we note that we do not agree with the Supreme Court's determination that the doctrine of assumption of the risk is applicable under the circumstances of this case. Under the doctrine of assumption of the risk, " by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Bryant v Town of Brookhaven, 135 AD3d 801, 802, quoting Morgan v State of New York, 90 NY2d 471, 484). "A participant consents to the risk of those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation'" (Bryant v Town of Brookhaven, 135 AD3d at 802, quoting Sedita v City of New York, 8 AD3d 256, 257 [internal quotation marks omitted]).
The concept of assumption of the risk has been "generally restricted . . . to particular athletic and recreative activities in recognition that such pursuits have enormous social value' even while they may involve significantly heightened risks'" (Custodi v Town of Amherst, 20 NY3d 83, 88, quoting Trupia v Lake George Cent. Sch. Dist., 14 NY3d 392, 395). "As a general rule application of assumption of the risk should be limited to cases . . . such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d at 89). Here, the plaintiff was pushing his young daughter in a plastic molded bucket seat swing at a playground [*3]on the School District defendants' property when, while attempting to stop the swing, he "jammed" his hand on the back of it and fractured his hand. Pushing a swing is not the type of activity to which the doctrine of assumption of the risk is applicable (see id. at 88). Moreover, jamming one's hand in the back of a swing "is not a risk inherent in the activity and flowing from it" (Pecore v City of Syracuse, 298 AD2d 978, 979).
Nevertheless, contrary to the plaintiff's contention, the School District defendants and Terlouw demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff's injuries were not proximately caused by the alleged negligent installation of the swing.
"The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury'" (Hain v Jamison, 28 NY3d 524, 528-529, quoting Mazella v Beals, 27 NY3d 694, 706 [internal quotation marks omitted]). There may be more than one proximate cause of an injury (see Hain v Jamison, 28 NY3d at 529; Mazella v Beals, 27 NY3d at 706).
"It is well settled that because the determination of legal causation turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve'" (Kriz v Schum, 75 NY2d 25, 34, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see Gurmendi v Perry St. Dev. Corp., 93 AD3d 635, 638). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the facts'" (Faust v Gerde, 150 AD3d 1204, 1204, quoting Nesbitt v Gallant, 149 AD3d 763, 764; see Derdiarian v Felix Contr. Corp., 51 NY2d at 315). Proximate cause will not be found where a party merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (see Hain v Jamison, 28 NY3d at 529-530; Derdiarian v Felix Contr. Corp., 51 NY2d at 316; Deschamps v Timberwolf Tree & Tile Serv., 172 AD3d 1308, 1309).
Here, the plaintiff's deposition testimony describing the accident leads to the conclusion, as a matter of law, that under the circumstances of this case the risk of the plaintiff's injury was not forseeable (see Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, 952). It is not reasonably foreseeable that the allegedly negligent installation of the swing, which caused it to swing crookedly, would have resulted in the plaintiff "jamm[ing]" his hand on the back of the swing and fracturing his hand. The alleged negligent installation of the swing merely furnished the occasion for the unrelated act of the plaintiff reaching out to grab the swing and jamming his hand (see id. at 952).
In opposition, the plaintiff failed to raise a triable issue of fact. Even accepting the plaintiff's expert's conclusions that the swing was negligently installed, which caused the swing to swing crookedly, there is no evidence to support the conclusion that the plaintiff's injuries were proximately caused by this defect.
Contrary to the plaintiff's contention, the "danger invites rescue" doctrine does not apply here, as there is no evidence that the plaintiff's daughter, who was being pushed in the swing with a small amount of force and was just two feet off the ground, was in "imminent, life-threatening peril" (Flederbach v Lennett, 65 AD3d 1011, 1012).
Contrary to the plaintiff's contention, the School District defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not create the allegedly defective condition or have actual or constructive notice of its existence (see Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the School District defendants' motion and Terlouw's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them.
The parties' remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court