Scally v J.B. (2020 NY Slip Op 05791)





Scally v J.B.


2020 NY Slip Op 05791


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-02784
 (Index No. 32157/17)

[*1]Carmela Scally, etc., appellant,
v
J.B., etc., et al., respondents.


The Post Law Firm, PLLC, Suffern, NY (Craig A. Post of counsel), for appellant.
Robert A. Pierce, White Plains, NY (Richard A. Salvato of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated January 29, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On June 17, 2016, the infant plaintiff (hereinafter the plaintiff), who was 14 years old at the time, allegedly was injured when he fell off the defendants' hover board in their driveway. The plaintiff alleges that the defendants were negligent in, inter alia, allowing him to operate the hover board without proper instruction and without providing elbow or knee pads or a helmet. After discovery, the defendants moved for summary judgment dismissing the complaint, contending that the action against them was barred under the doctrine of assumption of risk. By order dated January 29, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
We disagree with the Supreme Court's determination to grant the defendants' motion for summary judgment. Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Raldiris v Enlarged City Sch. Dist. of Middletown, 179 AD3d 1111, 1113). "As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d at 89; see Raldiris v Enlarged City Sch. Dist. of Middletown, 179 AD3d at 1113). Here, the plaintiff was operating the hover board in the defendants' driveway, not a designated athletic or recreational venue; nor did the defendants actively sponsor or promote the activity (see Custodi v Town of Amherst, 20 NY3d at 89; Suzanne P. v Joint Bd. of Directors of Erie-Wyoming County Soil Conservation Dist., 175 AD3d 1093, 1095-1096; DeMarco v DeMarco, 154 AD3d 1226, 1227-1228; Redmond v Redmond, 126 AD3d 1476, 1477). Accordingly, the [*2]defendants failed to establish, prima facie, that the doctrine of primary assumption of risk applied to the circumstances of this case, and the Supreme Court should have denied the defendants' motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention is without merit.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court