A.G. v Roosevelt Union Free Sch. Dist. (2023 NY Slip Op 06727)

A.G. v Roosevelt Union Free Sch. Dist.

2023 NY Slip Op 06727

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-04348
 (Index No. 614546/19)

[*1]A.G., etc., et al., appellants, 
v
Roosevelt Union Free School District, et al., respondents.

Harry I. Katz, P.C., Fresh Meadows, NY (Victoria L. Weinman of counsel), for appellants.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Michael T. Reagan and Kathleen D. Foley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 3, 2021. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The infant plaintiff was a student at a middle school operated by the defendant Roosevelt Union Free School District (hereinafter the district) and a participant in the school's extracurricular musical theater production. During rehearsal, which took place at the district's high school, the infant plaintiff was injured when she struck her toe on a metal anchor affixed to the stage, while running to meet her musical cue. The infant plaintiff, by her father, and her father individually, commenced this action alleging that the defendants, the district and the Board of Education of Roosevelt Union Free School District, negligently caused the infant plaintiff's injuries. The defendants moved for summary judgment dismissing the complaint. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability. In an order entered June 3, 2021, the Supreme Court, among other things, granted the defendants' motion and denied that branch of the plaintiffs' cross-motion. The plaintiffs appeal.
The defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law. Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks that are inherent in and arise out of the nature of the sport generally and flow from participation therein (see Custodi v Town of Amherst, 20 NY3d 83, 88; Scally v J.B., 187 AD3d 959, 960). "[I]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for [*2]injury of the mechanism from which the injury results. A participant is not, however, deemed to have assumed risks that are concealed or unreasonably enhanced" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95 [citation and internal quotation marks omitted]; see Lungen v Harbors Haverstraw Homeowners Assn., Inc., 206 AD3d 714, 715). "Awareness of risk is 'to be assessed against the background of the skill and experience of the particular plaintiff'" (Philius v City of New York, 161 AD3d 787, 788, quoting Morgan v State of New York, 90 NY2d 471, 486).
Here, the defendants failed to establish, prima facie, that the doctrine of primary assumption of risk barred the plaintiffs' recovery. The defendants submitted evidence which revealed a triable issue of fact as to whether the anchor on the stage, as covered by stage curtains, constituted a concealed risk (see Morgan v State of New York, 90 NY2d at 485; Scally v J.B., 187 AD3d at 960; Lee v Brooklyn Boulders, LLC, 156 AD3d 689, 690).
The defendants also failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law regarding the premises liability theory of negligence. "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for a jury" (Shermazanova v Amerihealth Med., P.C., 173 AD3d 796, 797; see Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shermazanova v Amerihealth Med., P.C., 173 AD3d at 797 [citations and internal quotation marks omitted]). Here, the defendants failed to meet their prima facie burden of establishing, as a matter of law, that the anchor was an open and obvious hazard (see id.).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability, as the plaintiffs failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law. "'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Marazita v City of New York, 202 AD3d 951, 952, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034).
Here, the plaintiffs failed to establish, prima facie, that the defendants breached their duty to maintain their premises in a reasonably safe condition as a matter of law. Since the plaintiffs failed to meet their prima facie burden, the Supreme Court properly denied that branch of their cross-motion which was for summary judgment on the issue of liability, without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court