Beier v Giglio (2024 NY Slip Op 04302)

Beier v Giglio

2024 NY Slip Op 04302

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-07344
 (Index No. 8942/15)

[*1]Elspeth A. Beier, respondent, 
v
Damon Giglio, appellant, et al., defendants (and third-party actions).

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Brett D. Zinner of counsel), for appellant.
Ronemus & Vilensky, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injures, the defendant Damon Giglio appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 25, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell down a single-step riser on the exterior deck of residential property owned by the defendant Damon Giglio. The plaintiff testified at her deposition that on the day of the accident, the afternoon sun shined directly into her eyes and reflected off multiple surfaces on the property, rendering her momentarily blind and unable to see the approximately five-inch step down. Giglio moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated March 25, 2021, the Supreme Court, among other things, denied that branch of Giglio's motion. Giglio appeals.
Property owners have a common-law duty to maintain property in a reasonably safe condition, but there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 239; Cosme v New York City Dept. of Educ., 221 AD3d 857, 858-859). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Rosenman v Siwiec, 196 AD3d 523, 524-525 [internal quotation marks omitted]; see Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). However, "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shermazanova v Amerihealth Med., P.C., 173 AD3d 796, 797 [internal quotation marks omitted]; see Oruc v Zelik, 216 AD3d 804; Rosenman v Siwiec, 196 AD3d at 525).
Here, the plaintiff testified at her deposition that her momentary blindness was caused by not only the sun, but also by multiple surfaces on the property reflecting the sunlight into her eyes [*2]when she looked away to avoid the sun. Because those surfaces were part of the property that Giglio had a duty to maintain in a reasonably safe condition, Giglio failed to demonstrate, prima facie, that the condition of the step, in combination with the reflective surfaces, was open and obvious and not inherently dangerous (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92; Roros v Oliva, 54 AD3d 398, 400). Likewise, the unsworn expert report submitted by Giglio in support of his motion was insufficient to meet his prima facie burden (see CPLR 2106, 3212[b]; Mazzola v City of New York, 32 AD3d 906, 907).
To sever the causal connection between a defendant's conduct and the plaintiff's injuries, a superseding act must be "'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct'" (Kriz v Schum, 75 NY2d 25, 36, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). What is foreseeable or normal may be the subject of varying inferences and is generally for the finder of fact to resolve (see Raldiris v Enlarged City Sch. Dist. of Middletown, 179 AD3d 1111, 1114). Here, the plaintiff testified that although she had previously traversed the single step, she was not consciously aware of it prior to her fall. Because the plaintiff testified that she was unaware of the change in elevation, Giglio failed to demonstrate, prima facie, that the plaintiff's decision to continue walking while momentarily blinded was unforeseeable or unreasonable under the circumstances (see id.).
Accordingly, the Supreme Court properly denied that branch of Giglio's motion which was for summary judgment dismissing the complaint insofar as asserted against him regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court